UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISIDRO ANDRES ESPINA AQUINO,

    Petitioner,

v.	Case No. 8:21-cv-278-WFJ-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

# O R D E R

Before the Court are Petitioner's Motion for Release Under Petitioner's Own Recognizance (Doc. 28) and supplement to the motion (Doc. 29) in which he moves the Court to immediately release him from incarceration. While a district court has authority to enter orders affecting the custody of a habeas petitioner contesting the legality of his conviction, a petitioner who has had a full trial and opportunity to appeal stands in a different posture than a defendant who has not had those opportunities. *Wilcox v. Ford*, 813 F.2d 1141, 1151 (11th Cir. 1987), *cert. denied*, 484 U.S. 925 (1987). A habeas petitioner is entitled to release on bond only when a substantial constitutional claim has been raised on which there is a high probability of success, and when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective. *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974); *Gomez v. United States*, 899

F.2d 1124, 1125 (11th Cir.1990).

Petitioner has not made this showing. He has not demonstrated a high probability of success on his claims.[1] And, even if he had, he has not alleged facts indicating that "extraordinary and exceptional circumstances" exist which make his immediate release "necessary to preserve the effectiveness of the habeas corpus relief sought."

Accordingly:

1. Petitioner's Motion for Release Under Petitioner's Own Recognizance (Doc. 28) is **DENIED**.

2. Under Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is **DENIED** a certificate of appealability because he cannot show "the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit Court of Appeals. Finally, because Petitioner is not entitled to a certificate of appealability, he may not appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on July 1, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to:
Isidro Andres Espina Aquino, *pro se*
Counsel of Record

---

[1] Respondent contends all claims raised in the petition are procedurally barred (See Doc. 24).