UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISIDRO ANDRES ESPINA AQUINO,

    Petitioner,

v.                                    Case No. 8:21-cv-278-WFJ-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

    Mr. Aquino, a Florida prisoner, initiated this action by filing a petition for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). He subsequently filed an amended petition (Doc. 10-1). Respondent filed a response opposing the amended petition (Doc. 24) to which Mr. Aquino replied (Doc. 25). Upon careful consideration, the amended petition will be denied.

**I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

    On August 21, 2018, Mr. Aquino was charged by a Second Amended Information with false imprisonment, felony battery after prior conviction, and violation of a domestic injunction (Doc. 24-2, Ex. 20). A jury found him guilty as charged approximately one month later (Id., Ex. 29).[1] He was sentenced to five years in prison on the false

---

[1] Aquino waived a jury trial on the element of a prior conviction for battery (Id., Ex. 30). The

1

imprisonment count, a consecutive three years on the felony battery after prior conviction count, and time served on the violation of a domestic injunction count (Id., Ex. 46).

On December 11, 2018, Mr. Aquino appealed (Id., Ex. 47). In his Initial Brief, Mr. Aquino raised a single state law issue: whether the trial court abused its discretion in allowing Williams Rule evidence (Id., Ex. 54). The state appellate court affirmed the convictions and sentences without a written opinion (Id., Ex. 56).

On November 14, 2020, Mr. Aquino filed a "Federal Petition for a Writ of Habeas Corpus" in the state trial court, raising the same 25 claims he now raises in his federal habeas petition filed in this Court (Id., Ex. 58). "[B]ased on [Mr. Aquino's] various statements that the [trial court judge] was biased against [Mr. Aquino] during the proceedings[,]" the state trial court treated the petition as a motion to disqualify the judge (Id., Ex. 59). The trial court ultimately found Mr. Aquino's petition "legally insufficient" to merit relief based on judicial bias and denied it (Id., Ex. 59).

Mr. Aquino subsequently appealed (Id., Ex. 62). The state appellate court treated the appeal "as a summary postconviction appeal pursuant to Florida Rule of Appellate Procedure 9.141(b)(2)[,]" which governs "[a]ppeals from postconviction proceedings under Florida Rules of Criminal Procedure 3.800(a), 3.801, 3.802, 3.850, or 3.853" in which there was a "[s]ummary grant or denial of all claims raised in a motion without [an] evidentiary

---

trial court found he had a prior battery conviction and therefore guilty of felony battery after prior conviction (Id., Ex. 27 at transcript pp. 463-65).

hearing." See Rule 9.141(b)(2), Fla.R.App.P. (Id., Ex. 64). In so doing, the state appellate court affirmed the denial of the construed post-conviction motion without a written opinion (Id., Ex. 65).

On August 30, 2021, Mr. Aquino filed his amended petition in this Court (Doc. 10-1), in which he alleges 25 grounds for relief. The Court now turns to consider these grounds.

## II. ANALYSIS

Mr. Aquino's asserted grounds for relief are as follows:

1. He was denied due process because insufficient evidence supported his convictions;

2. He was denied due process because the search warrant was not supported by probable cause;

3. He was denied due process because the county jail in which he was detained had no legal library;

4. He was denied his right to a speedy trial;

5. Trial counsel was ineffective in moving for a competency and sanity evaluation and in attempting to force Mr. Aquino to pursue an insanity defense;

6. He was subjected to cruel and unusual punishment when the psychiatrist and trial court determined he was incompetent to proceed to trial;

7. He was denied due process because no credible evidence supported the verdict;

8. He was denied due process and subjected to cruel and unusual punishment

3

because his bail was constitutionally excessive;

9. He was denied due process because the State conducted an inadequate investigation before charging him;

10. Trial counsel was ineffective in failing to obtain cell phone records showing calls the victim made to Mr. Aquino;

11. He was denied due process because the prosecutor subjected him to a malicious prosecution unsupported by probable cause;

12. He was denied due process because the prosecutor fabricated false offenses;

13. He was denied due process when the prosecutor, during closing argument, tampered with the jury by telling them how they should answer the questions on the jury verdict form;

14. He was denied due process when the State failed to disclose a copy of a recorded statement during which he denied the allegations;

15. He was denied due process because the state court tampered with transcripts;

16. He was denied due process when the prosecutor allowed the victim to falsely testify at a pre-trial hearing and trial;

17. He was denied due process when the prosecutor presented hearsay testimony that violated an order granting a motion in limine;

18. He was denied due process when the trial court admitted Williams rule evidence;

19. He was denied due process because the State proceeded to trial with no

"validating" evidence;

20. Counsel was ineffective in failing to adequately work on Mr. Aquino's case;

21. He was denied due process because the trial court, defense counsel, and the court reporter tampered with the transcripts;

22. He was denied due process because the trial judge was "prejudicial," was not an "investigative judge," and relied on the "prosecutor and not on a constitutional justice";

23. He was denied due process because the trial judge, prosecutor, and defense counsel were prejudiced against him because he is a Rastafarian;

24. His sentence to 8 years in prison violates due process and amounts to cruel and unusual punishment; and

25. He was denied due process when hearsay evidence was admitted.

### A. Procedural Bar

Respondent contends that all of Mr. Aquino's claims are procedurally barred from review in this Court (Doc. 24 at 7-10). Specifically, Respondent argues the claims are procedurally barred because: 1) Grounds 1, 2, 3, 4, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 19, 21, 22, 23, 24, and 25 were improperly presented in a state petition for a writ of habeas corpus after Mr. Aquino failed to raise them on direct appeal; 2) Ground 18 was not fairly presented as a federal claim to the state appellate court on direct appeal; and 3) Grounds 5, 10, 20 were improperly presented in the state petition for a writ of habeas corpus rather than in a post-conviction motion under Rule 3.850, Fla.R.Crim.P., the procedurally correct

5

manner to raise ineffective assistance of trial counsel claims in Florida.

### 1. Grounds 1, 2, 3, 4, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 19, 21, 22, 23, 24, and 25

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner." *Upshaw v. Singletary*, 70 F.3d 576, 578-579 (11th Cir.1995). This essentially means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

Here, the subject grounds for relief pertain to alleged errors by the trial court or other trial and pre-trial matters that could have been raised on direct appeal. A review of the direct appeal record nevertheless reflects that Mr. Aquino failed to raise these claims at the direct appeal stage (Doc. 24-2, Ex. 54). Instead, after the direct appeal concluded, he raised the claims in a petition for a writ of habeas corpus (*Id.*, Ex. 58).

Florida has a firmly established and regularly followed state procedural rule that habeas corpus cannot be used to litigate or re-litigate issues which could have been or were raised on direct appeal. *See Breedlove v. Singletary*, 595 So.2d 8, 10 (Fla.1992) ("Habeas

6

corpus is not a second appeal and cannot be used to litigate or relitigate issues which could have been, should have been, or were raised on direct appeal."). Florida likewise has a firmly established and regularly followed rule that a court may not consider a habeas petition seeking relief that is available through a Rule 3.850 post-conviction motion. *See id.*, 595 So.2d at 10 ("Claims of trial counsel's ineffectiveness should be brought in rule 3.850 motions and are not cognizable in habeas corpus proceedings."); *Moultrie v. State*, 310 So. 3d 533, 534 (Fla. 1st DCA 2021) ("habeas corpus may not be used in the place of raising claims that could have been raised on direct appeal or in an appropriate postconviction motion." (citing *Baker v. State*, 878 So. 2d 1236 (Fla. 2004))). Finally, Florida's rule that issues of trial court error must be raised on direct appeal and not in a post-conviction motion is firmly established and regularly followed. *See Bruno v. State*, 807 So. 2d 55, 63 (Fla. 2001) ("A claim of trial court error generally can be raised on direct appeal but not in a rule 3.850 motion. . . ."); *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 (11th Cir.2005) ("As this Court has concluded, if ... the claim could have been raised [on direct appeal], but was not, it would be barred from any state collateral review, and likewise barred from federal review.") (internal quotations marks omitted).

In Mr. Aquino's state post-conviction proceedings, the appellate court construed Mr. Aquino's state habeas petition as a post-conviction motion under Rule 3.850, which indicates that it only considered those claims for which Rule 3.850 was the proper remedy;

7

namely, Mr. Aquino's claims of ineffective assistance of trial counsel.[2] In light of this, and the firmly established procedural rule that claims which could have been raised on direct appeal may not be entertained in either a Rule 3.850 motion or a habeas petition, the Court finds Mr. Aquino procedurally defaulted all the claims in his state habeas petition, except his three claims of ineffective assistance of trial counsel.

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). Actual innocence in this context means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup*, 513 U.S. at 327. Moreover, "a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

---

[2] Because Mr. Aquino's ineffective assistance of trial claims were properly raised in his state habeas petition, the Court will consider the merits of these claims even if the state appellate court in fact only considered the judicial bias issue addressed by the state trial court.

To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson*, 353 F.3d at 892.

Mr. Aquino has not demonstrated cause for the procedural default under either exception. To the extent that Mr. Aquino asserts ineffective assistance of appellate counsel as cause for the procedural default of his trial court and pre-trial error claims (see Doc. 25 at 8), he must have first exhausted the ineffective assistance of appellate counsel claim by raising it in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000) (concluding that a federal habeas court is barred from considering a procedurally defaulted ineffective assistance of counsel claim as cause for procedural default of another claim). Mr. Aquino has not done so. Accordingly, because Florida procedural rules preclude Mr. Aquino from now filing an untimely state habeas petition alleging ineffective assistance of appellate counsel, *see* Florida Rule of Appellate Procedure 9.141(d)(5), that claim is itself procedurally defaulted. And without independent cause and prejudice showing why the procedurally defaulted ineffective assistance of appellate counsel claim can now be considered, *see Edwards*, 529 U.S. at 452–53, appellate counsel's ineffectiveness cannot

9

excuse the procedural default of Mr. Aquino's trial court and pre-trial error claims.[3] Mr. Aquino therefore fails to establish cause and prejudice to overcome the procedural default of these grounds. Additionally, he fails meet the "fundamental miscarriage of justice" exception because he presents no "new reliable evidence" of actual innocence. *Schlup*, 513 U.S. at 327. Thus, because Mr. Aquino satisfies neither exception to procedural default, Grounds 1, 2, 3, 4, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 19, 21, 22, 23, 24, and 25 are procedurally barred from federal review.

---

[3] This conclusion is reinforced by the Eleventh Circuit's discussion in *Woods v. Holman*, No. 18-14690-P, 2019 WL 5866719, at *5 (11th Cir. Feb. 22, 2019):

> In [*Martinez v. Ryan*, 556 U.S. 1 (2012)], the Supreme Court held that "[i]nadequate assistance of counsel ... may provide cause for a procedural default in a federal habeas proceeding," 566 U.S. at 9, if state law "requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding." *Id.* at 14. This holding established a "narrow exception," *id.* at 9, to the default rule that "an attorney's errors in a postconviction proceeding do not qualify as a cause for a default." *Martinez*, 566 U.S. at 8. In [*Trevino v. Thaler*, 569 U.S. 413 (2013)], the Supreme Court held that the *Martinez* exception applies "where ... state procedural framework, by reason of its design and operation, makes it highly unlikely that in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." 569 U.S. at 429. But in *Davila v. Davis*, 137 S. Ct. 2058 (2017), the Supreme Court "decline[d]" to "extend that exception to allow federal courts to consider a different kind of defaulted claim—ineffective assistance of appellate counsel." *Id.* at 2063. So the default of [petitioner's] claim that his direct-appeal counsel was ineffective cannot be excused under *Martinez* and *Trevino*.

Additionally, it is worth noting that the *Martinez* "exception treats ineffective assistance by a prisoner's state postconviction counsel as a cause to overcome the default of a single claim—ineffective assistance of trial counsel[.]" *Davila*, 137 S. Ct. at 2062. As noted above and addressed further below, Mr. Aquino's ineffective assistance of trial counsel claims have not been procedurally defaulted.

## 2. Ground 18

In Ground 18, Mr. Aquino contends his right to due process was violated when the trial court allowed the prosecutor to present Williams rule evidence.[4] In state court, this ground was raised only as a state-law issue on direct appeal. (Doc. 24-2, Ex. 54). "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State 'the opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995). In *Duncan*, the Court stated, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at the state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.*, 513 U.S. at 36. The exhaustion requirement of § 2254 is not satisfied if the petitioner fails to raise a claim in terms of federal law. *See Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.").

Although Mr. Aquino's counseled direct appeal brief challenged the admission of Williams rule evidence, Mr. Aquino based his claim entirely on state law and did not argue that the evidence violated his constitutional right to due process (Doc. 24-2, Ex. 54). Mr.

---

[4] "Williams rule evidence," otherwise known as "collateral crimes evidence," is evidence of bad acts not included in the charged offenses. *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

11

Aquino's failure to "fairly present" the state court with the federal due process claim he now asserts on habeas review renders the claim procedurally defaulted. Accordingly, because Mr. Aquino shows neither cause and prejudice nor a manifest injustice to overcome the procedural default, review of Ground 18 is procedurally barred from review.

### 3. Grounds 5, 10, and 20

Respondent contends that the ineffective assistance of trial counsel claims alleged in Grounds 5, 10, and 20 are procedurally defaulted because they were not presented to the state court in a procedurally correct manner, since Mr. Aquino raised the claims in his petition for a writ of habeas corpus rather than in a Rule 3.850 motion (Doc. 24 at 9). The Court disagrees. As discussed above, the state appellate court construed Mr. Aquino's state habeas petition as a post-conviction motion under Rule 3.850. Thus, Mr. Aquino's ineffective assistance of trial counsel claims were presented in the procedurally correct manner. *See Lang v. State*, 243 So. 3d 534 (Fla. 1st DCA 2018) ("Except in rare cases, allegations of ineffective assistance of trial counsel must be raised in a postconviction proceeding brought pursuant to Florida Rule of Criminal Procedure 3.850, not on direct appeal."). Accordingly, the Court finds Grounds 5, 10, and 20 are not procedurally defaulted.

## B. Merits

Although Grounds 5, 10, and 20 are not procedurally defaulted, they lack merit. Counsel is ineffective under the Sixth Amendment if "(1) counsel's performance was

deficient; and (2) the deficient performance prejudiced the defense such that Petitioner was deprived of a fair trial." *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The petitioner carries the burden of establishing both prongs. *Strickland*, 466 U.S. at 687.

To establish deficient performance under *Strickland*, a petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id*. at 688. The test is not "what the best lawyers" or "what most good lawyers would have done." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992). Instead, the question is "whether some reasonable lawyer...could have acted, in the circumstances, as defense counsel acted[.]" *Id*.

To establish resulting prejudice under *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. A petitioner's claim fails if either of the *Strickland* prongs is not met. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005). A court need not address both prongs if the defendant has made an insufficient showing on one. *Strickland*, 466 U.S. at 687.

### 1. Ground 5

Mr. Aquino contends counsel was ineffective in moving for a competency and insanity examination and in trying to force Mr. Aquino to plead insanity against Mr.

13

Aquino's wishes (Doc. 10-1 at docket p. 11). Mr. Aquino, however, fails to explain how he was prejudiced. Such a conclusory allegation of ineffective assistance of counsel is insufficient to warrant habeas relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.1991) (recognizing that vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim); *Strickland*, 466 U.S. at 692 ("[T]hat the errors had some conceivable effect on the outcome of the proceeding" is insufficient to show prejudice.). Because Mr. Aquino fails to allege and show how the outcome of his trial would have differed had counsel not moved for a competency and insanity examination and not advised Mr. Aquino to pursue an insanity defense,[5] he is entitled to no relief on Ground 5.

### 2. Ground 10

Mr. Aquino contends counsel was ineffective because he told counsel that the victim, who had a domestic violence injunction against Mr. Aquino, had called Mr. Aquino and asked him to forgive her, apologized for the restraining order, and offered to pay for a taxi for him to come see her. But counsel failed to move the court for a "search warrant" to obtain the victim's "call logs" that would show the calls she made to Mr. Aquino.

Mr. Aquino again fails to explain how he was prejudiced. He does not allege or show

---

[5] Insanity was not an issue at Mr. Aquino's trial (Doc. 24-2, Ex. 27). And counsel had a duty to investigate Mr. Aquino's competency when he had reason to believe Mr. Aquino was not competent to proceed in his criminal case (Doc. 24-2, Ex. 4). *See Foster v. Dugger*, 823 F.2d 402, 405 (11th Cir. 1987). Indeed, the trial court found Mr. Aquino was incompetent to proceed based on Dr. Kasper's report finding that Mr. Aquino was incompetent to proceed (Id., Exs. 7, 10). After he was committed to and treated at a mental health facility, Mr. Aquino was found competent to proceed in his criminal case (Id., Exs. 12, 13).

14

how the outcome of his trial would have differed had counsel obtained these "call logs." Even if the victim had invited him to come see her and paid for a taxi, Mr. Aquino fails to show how that was relevant to any element of either the false imprisonment charge or the felony battery charge.[6] *See Proko v. State*, 566 So. 2d 918, 920 (Fla. 5th DCA 1990) ("To establish false imprisonment the state must prove three elements beyond a reasonable doubt: (1) defendant forcibly restrained the victim against her will; (2) defendant had no lawful authority; and (3) defendant acted for any purpose other than the purposes set forth in the kidnapping statute."); *Bradley v. State*, 155 So. 3d 1248, 1249 (Fla. 4th DCA 2015) ("Felony battery under section 784.03(2) requires that the state prove the elements of battery, which occurs when a person. . .[a]ctually and intentionally touches or strikes another person against the will of the other. . .or. . .[i]ntentionally causes bodily harm to another person, [and]. . .the state must prove that the defendant has a prior conviction for battery, aggravated battery, or felony battery.").[7] Because Mr. Aquino fails his burden to show prejudice, he is entitled to no relief on Ground 10.

---

[6] When Mr. Aquino filed his § 2254 petition in 2021, he was not "in custody" on the violation of a domestic injunction conviction because he received a sentence of time-served on November 20, 2018, and, thus, his sentence "fully expired" on that date (Doc. 24-2, Ex. 42). Consequently, this Court lacks jurisdiction to entertain any challenge to the violation of a domestic injunction conviction. *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989).

[7] There is ample evidence in the record establishing that Mr. Aquino restrained the victim against her will, struck her and caused her bodily harm, and had a prior battery conviction (See, e.g., Doc. 24-2, Ex. 27 at transcript pp. 206-09, 215-23, 463-65).

### 3. Ground 20

Mr. Aquino contends counsel was ineffective in failing to work on his case. The only fact he alleges in support of his contention is that after the trial concluded, counsel told Mr. Aquino he "could not especially work on [his] case" because his case load was too large (Doc. 10-1 at docket p. 17). Mr. Aquino does not specify what work counsel should have done but failed to do in his case. Thus, this ground is vague and conclusory and fails to show how Mr. Aquino was prejudiced by counsel's alleged failure to "work on his case." *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient."); *Maurino v. United States*, 2011 WL 13175607, at *21 (S.D. Fla. Dec. 20, 2011), *report and recommendation adopted*, 2012 WL 12950639 (S.D. Fla. Feb. 7, 2012) ("[C]onclusory allegations of failure to investigate do not suffice on a claim of ineffective assistance. . . .[A] habeas petitioner who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of his trial."). Because Mr. Aquino fails his burden to show both deficient performance and prejudice, he is entitled to no relief on Ground 20.

Any claims not specifically addressed herein have been deemed to be without merit. Accordingly:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 10-1) is **DENIED**. The Clerk of the Court shall enter judgment against Mr. Aquino and close this case.

2. This Court should grant an application for a Certificate of Appealability (COA) only if Mr. Aquino makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing. Accordingly, a COA is **DENIED**. And because Mr. Aquino is not entitled to a COA, he may not proceed on appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on January 31, 2024.

                                                    WILLIAM F. JUNG
                                                    UNITED STATES DISTRICT JUDGE

SA: sfc
<u>Copies to</u>:
Isidro Andres Espina Aquino, *pro se*
Counsel of Record